## Case No. 11,953.

### ROBINSON et al. v. HANWAY.

[19 N. B. R. 289;[1] 27 Pittsb. Leg. J. 21.]

District Court, W. D. Pennsylvania. Sept. 10, 1879.

BANKRUPTCY—PROPER PETITIONERS—PARTNER-SHIP—INTERVENING PETITION.

1. An involuntary petition in bankruptcy cannot be maintained by a copartnership against one of its members.

2. The original petition in this case was signed exclusively by the partners constituting the firm of which defendant was a member. Intervening petitions, sufficient of themselves as to number and amount to constitute the necessary quorum, were afterwards filed. *Held*, that the original petition was void for want of proper petitioners, and did not give the court jurisdiction, and that the intervening petitions were also void for want of an original petition to give them force.

This was a proceeding in involuntary bankruptcy [by J. Q. Robinson and others against Castner Hanway.]

J. M. Kennedy and W. McCullough, for Robinson et al.

Knox & Reed, for Castner Hanway.

PER CURIAM. It was agreed by counsel at the trial that the jury should find the specification of the suspension of the payment of commercial paper as true, and that the defendant should be adjudged bankrupt thereon, subject to the question reserved by the court, whether the original petition filed in the case is valid; the petitioners, the Farmers' Bank, being a partnership, and the defendant a member thereof at the time of filing the petition. At common law, no action could be sustained by a partnership firm against one of its members, and no legislation has authorized it, for the reason that the defendant would stand in the attitude of suing himself, being both plaintiff and defendant—a legal absurdity. And further, the trial would necessitate the settlement of account between the firm and the defendant, only properly done in account render, or by bill in equity. In bankruptcy there is no provision for a firm to put one of its number into bankruptcy, and probably for the same reasons. In an adjudication in involuntary bankruptcy, questions similar to those in actions at common law arise, and are decided upon the same principle. The first thing to be made out by the petitioning creditor before the jury is his claim against the defendant, and in the case of a firm pursuing one of its members, the defendant would become plaintiff and defendant, with the same consequence as in an action at law. In this case the original petition is signed exclusively by the partners constituting the firm, including the defendant, by John Markle, acting for the firm. It was filed March 13, 1878. At a subsequent period

[1] [Reprinted from 19 N. B. R. 289, by permission.]

intervening petitions, though not till after the repeal of the bankrupt law [of 1867 (14 Stat. 517)], making of themselves sufficient in number and amount to constitute the quorum required, were filed. But we are of opinion that the original creditors' petition is void for want of proper petitioners, and did not give the court jurisdiction of the case, and that the intervening petitions are also void for want of an original petition to give them force. It is not a case of amendment of a defective petition of which the court has jurisdiction, and when the interveners perfect the petition by additional numbers and amounts. But it is an attempt to give life to a dead petition, to engraft branches upon a lifeless stock, and infuse vitality into it. The interveners must draw their support, if at all, from the original petition; but in this case the original petition is dead, and neither supports the interveners nor itself.

The judgment of the court is in favor of the defendant, non obstante veredicto, and that the petition be dismissed for want of jurisdiction.